J. Rick Taché (SBN 195000)
email:  tacher@gtlaw.com
GREENBERG TRAURIG, LLP
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone:  949-732-6500
Facsimile:  949-732-6501

Attorneys for Plaintiff
WHITEWATER WEST INDUSTRIES LTD.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES LTD., a Canadian corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>SPLASHTACULAR, INC., a Kansas corporation,<br><br>    Defendant. | CASE NO.  2:12-cv-01423-PSG (DTBx)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:  February 17, 2012<br><br>Assigned to Hon. Philip S. Gutierrez<br><br>Magistrate J. David T. Bristow |

The parties to this Action, Plaintiff Whitewater West Industries, Inc. ("Whitewater") and Defendant SplashTacular, Inc. ("SplashTacular"), have propounded, or stated that they intend to propound, discovery seeking documents and/or information that may contain confidential business information such as product sales, revenue and profits, forecasts, costs of production, and labor business and license agreements, product design, research and development, and other trade secret, proprietary, or financial information and documents that are relevant to the patent infringement and damage claims and affirmative defenses at issue in this Action.  Public dissemination of such information and documents would irreparably harm the disclosing party by making available to competitors and potential clients the disclosing party's internal information and practices used to develop, market and sell products and, as a consequence, impairing the disclosing parties ability to compete in the market and negotiate with customers. Such information and documents are therefore subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure, and Whitewater and SplashTacular agree that good cause exists to protect the confidential and proprietary nature of such information, which may be contained in discovery responses, including but not limited to, documents, interrogatory responses, responses to requests for admissions, responses to subpoenas duces tecum, and deposition testimony in this Action, such that entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

## PROTECTIVE ORDER

Based upon this Stipulation of Whitewater and SplashTacular, and good cause having been shown to the satisfaction of this Court, it is hereby ordered that the following procedures shall govern the production of all documents, testimony, discovery responses, and other information in the above-captioned action (the "Action"), including information produced by Whitewater and SplashTacular, any parties later joined in this Action (together, "parties"), and all third parties subject to discovery herein:

# DEFINITIONS

1. "Confidential Information" as used herein means any type of information that is designated (pursuant to the conditions herein) by the supplying party in good faith as "Confidential," or "Confidential - For Outside Counsel Only," whether it be intangible confidential information, a document, information contained in a document, information revealed during a deposition (including transcripts and exhibits), information revealed in an interrogatory answer, other written, or oral discovery or otherwise. Specifically, "Confidential Information" shall refer to trade secrets, or other confidential research, development, or commercial information such as contemplated by Fed. R. Civ. P. 26(c) and case law decided thereunder, and also shall include information not generally disseminated or available to the public, information to which free access is not available to the public, information to which only limited access is permitted to employees of the supplying party, and/or information of which dissemination or disclosure would present a real or potential threat to the economic security of the supplying party.

2. "Supplying party," "designating party" and "producing party" are used interchangeably herein, and refers to the party making information available.

3. "Requesting party" refers to the party requesting that documents or information be produced or disclosed in this Action.

4. "Receiving party" refers to the party receiving documents or information that has been produced or disclosed in this Action.

5. "Qualified Person" as used herein means:

    (a) Outside attorneys of record in this Action and any outside associated attorneys and employees of such attorneys to whom it is necessary that the information be disclosed for purposes of this Action.

    (b) Any person hired by a party or its attorneys of record in this Action as an "independent expert," who is not employed by (other than for purposes of this litigation), and who agrees in writing to be bound by the terms of this Protective Order. The independent expert must

           complete and sign a Confidentiality Statement in the form of Exhibit A, attached, before being furnished with information or documents designated under any level of confidentiality identified in this Protective Order.  The attorneys of record who represent the party that hire such independent expert are responsible for maintaining the original signed Exhibit A.

    (c)    Not more than two (2) officers, directors or employees of the parties who are to be given access to Confidential Information on a "need to know" basis for the purpose of trial preparation and who agree, in writing, to be bound by the terms of this Protective Order.  All such persons must complete and sign a Confidentiality Statement in the form of Exhibit A, attached, before being furnished with information or documents designated under any level of confidentiality identified in this Protective Order.  The attorneys of record who represent the party are responsible for maintaining the original signed Exhibit A.

    (d)    Court employee(s), court reporter(s), stenographic reporters, videographers, and outside copy service providers employed in this Action.

    (e)    The Court, any juror, or any other entity authorized by the Court or required by law.

    (f)    Any other person to whom Plaintiff and Defendant agree in writing shall have access.

## "CONFIDENTIAL" DESIGNATION

6.    Documents and things produced which contain Confidential Information may be designated as such by marking each page of the document or thing at or before the time of production substantially as follows:

///

///

**"CONFIDENTIAL"**

or

**"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"**

In lieu of marking the original of documents, the party may mark the copies that are produced or provided.

7. Information disclosed at a deposition (as well as through resulting deposition transcripts and exhibits) of a party or third party, one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this Action, or a third party in possession of confidential information of a party, may be designated as "Confidential" by: (a) indicating on the record at the deposition that the testimony is "Confidential" or "Confidential - Subject to Protective Order" and is subject to the provisions of this Protective Order; or (b) following the procedure set forth in Paragraph 24 below.

8. Except as otherwise agreed to by the parties, or ordered by the Court, any information designated as "Confidential" or "Confidential - Subject to Protective Order" shall not be made available by the party receiving it to any persons or entities other than Qualified Persons.

9. The designating party shall have the right to have all non-Qualified Persons excluded from the room before the taking of testimony or any part thereof which the designating party designates as "Confidential" or "Confidential - Subject to Protective Order" subject to this Protective Order. Copies of documents and things designated as "Confidential" or "Confidential – Subject to Protective Order" and any receiving party's summary, compilation, or expression in another medium thereof are protected under this Protective Order to the same extent as the original documents and things.

///

///

///

///

## "CONFIDENTIAL - FOR OUTSIDE COUNSEL ONLY" DESIGNATION

10. The use of any Confidential Information that includes trade secrets, competitive financial information (including sales data) or competitive information for a future proposal to a customer or potential customer may be further restricted by the additional designation of such information as "Confidential - For Outside Counsel Only." Documents and things that contain information that qualifies for the designation as "Confidential - For Outside Counsel Only" may be designated as such by marking each page of the document or thing at or before the time of production substantially as follows:

**"CONFIDENTIAL - FOR OUTSIDE COUNSEL ONLY"**

**or**

**"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"**

In lieu of marking the original of documents, the party may mark the copies that are produced or provided.

11. Except as otherwise agreed to by the parties, or ordered by the Court, any information designated "Confidential - For Outside Counsel Only" or "Confidential – Outside Attorneys' Eyes Only" shall not be made available by the party receiving it to any persons or entities other than Qualified Persons and shall not be made available to any persons or entities identified in Paragraph 5(c).

12. Information disclosed at the deposition (as well as resulting deposition transcripts and exhibits) of a party or third-party, one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this Action, or a third party in possession of Confidential Information of a party, may be designated as "Confidential - For Outside Counsel Only" or "Confidential – Outside Attorneys' Eyes Only" by: (a) indicating on the record at the deposition that the testimony is "Confidential - For Outside Counsel Only" or "Confidential – Outside Attorneys' Eyes Only" and is subject to the provisions of this Protective Order; or (b) following the procedure set forth in Paragraph 24 below.

13. The designating party shall have the right to have all non-Qualified Persons and all Qualified Persons identified in Paragraph 5(c) by an adversary party excluded from the room before the taking of testimony or any part thereof which the designating party designates as "Confidential – For Outside Counsel Only" or "Confidential – Outside Attorneys' Eyes Only" subject to this Protective Order. Copies of documents and things designated as "Confidential – For Outside Counsel Only" or "Confidential – Outside Attorneys' Eyes Only" and any receiving party's summary, compilation, or expression in another medium thereof are protected under this Protective Order to the same extent as the original documents and things.

## PROVISIONS APPLICABLE TO CONFIDENTIAL INFORMATION

14. Except as set forth herein, documents produced which are subject to claims of Confidentiality, or Confidential - For Outside Counsel Only as set forth herein shall be so designated at the time of furnishing to prevent dissemination or disclosure.

15. All documents and materials containing Confidential Information shall be maintained in the custody of the Qualified Persons and no partial or complete copies thereof shall be retained by anyone else at any location, except that Qualified Persons may retain documents for purposes of study, analysis and preparation of the Action until the completion of their testimony, or the termination of their engagement for this Action. Any Qualified Person receiving Confidential Information is prohibited from disclosing such Confidential Information to any other person except in compliance with this Protective Order.

16. A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge to such designation. In the event that the party receiving information designated as Confidential Information objects to such designation, that party shall notify the designating party in writing as to the specific objections, itemizing them with particularity, along with the basis (both factual and legal) for the objection. Within ten (10) business days of such notice, the parties shall confer in a good faith effort

to resolve their differences (as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37-1) and shall, if necessary, agree to the implementation of procedures to orderly advance and promote discovery while maintaining each party's proprietary interest.  In the event that the parties agree that the requested information (information or documents) is both relevant and not privileged but are not able to reach an agreement under this provision regarding the confidential nature of such document(s), the documents in question shall be the subject of an in camera review by the Court or magistrate.  Within ten (10) business days of the parties' unsuccessful meet and confer, the party challenging or objecting to the Confidential Information designation of a document shall file a motion with the Court, but the party asserting such designation shall retain the burden of establishing that the information warrants the Confidential Information designation provided.  The material in issue shall continue to be treated as-so-designated until the Court orders otherwise.

17. Nothing herein is intended in any way to restrict the ability of the receiving party to use Confidential Information produced to it in examining or cross-examining any employee or expert of the producing party, or any person who authored or, as evidenced by the document itself, was a prior recipient of the Confidential Information.  Nothing herein shall preclude any attorney for a party from advising his or her client concerning this Action, provided that Confidential Information, depending on the designation, is only disclosed to the client as permitted herein.

18. Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as Confidential Information consents, in writing, to such disclosure, or if the Court, after notice to all parties orders such disclosure.  Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of this Action, whether or not such material is also obtained through discovery in this Action, or from disclosing its own Confidential Information as it deems appropriate.  This Protective Order shall not restrict the disclosure of material that: (a) is in the public domain at the time of disclosure; (b)

becomes part of the public domain after the time of disclosure, through no fault of the receiving party; (c) was received from a third party who was under no obligation of confidentiality to the producing party; or (d) is derived or obtained independently of the disclosure.  The receiving party shall have the burden of proving the application of any of the foregoing exceptions.

19. In the event that any Confidential Information is inadvertently disclosed by a party, or its counsel, to any non-Qualified person as defined herein, the party or its counsel inadvertently disclosing such Confidential Information shall: (i) use its best efforts to obtain immediate return of such Confidential Information and to bind such non-Qualified person to the terms of this Protective Order; (ii) as soon as possible upon discovery of the inadvertent disclosure, and in any event within three (3) business days of the discovery of such disclosure, inform such non-Qualified person of the provisions of this Protective Order and identify such person to the producing party; and (iii) request such person to execute the Confidentiality Statement in the form attached hereto as Exhibit A.  The provisions set forth in this Paragraph 19 shall not prevent either party from applying to the Court for further or additional relief.

20. In the event that any information is inadvertently disclosed or produced to the receiving party that should have been withheld subject to any recognized claim of privilege, such inadvertent disclosure or production shall not prejudice such claim or otherwise constitute a waiver of any recognized claim of privilege for such Confidential Information, including, but not limited to the provisions and protections of Federal Rule of Civil Procedure 26(b)(5); provided that the party disclosing or producing such Confidential Information promptly makes a good faith representation that such disclosure or production was inadvertent or mistaken and takes prompt remedial action to withdraw such disclosure or production.  Within three (3) business days of receiving a written request to do so from the party disclosing or producing such Confidential Information, the party receiving such documents or tangible items shall return all such documents or tangible items to the producing party.  The party receiving such documents or tangible

items shall also destroy all copies of any such documents or tangible items; provided, however, that this Protective Order shall not preclude the party receiving such documents or tangible items from making a motion to compel production of the returned documents or tangible items, and retaining a summary of notes that solely provide identifying information that would otherwise be provided on a privilege log (i.e., author(s), recipient(s), date, type of document or tangible item and a broad description of the content that does not reveal privileged information) for the sole purpose of making a motion to compel.  The party producing such documents or tangible items shall retain a copy thereof for further disposition.

21.   In the event that responding to a request to produce documents or tangible items would result in a breach of an agreement with a third party, the party to whom such disclosure request is made shall provide written notice to such third party that documents or tangible items are subject to a discovery request and provide a copy of this Protective Order.  The party to whom such disclosure request is made shall simultaneously provide notice to the requesting party that: (i) notice was provided to such third party along with a copy of the Protective Order; (ii) identify the type of information being withheld; and (iii) the name and address of such third party.  To the extent permitted to do so under the subject agreement, the party to whom such disclosure request is made shall also simultaneously provide to the requesting party a copy (redacted if necessary) of the agreement that gives rise to the duty of confidentiality.  The requested information shall not be produced without either the express written consent of such third party or an order from this Court compelling production.

22.   A producing party who discovers that it inadvertently failed to designate any document as containing Confidential Information may make a subsequent designation, and from the moment the receiving party receives notice of such subsequent designation, the receiving party shall, subject to Paragraph 16, treat such document as containing Confidential Information, as provided herein.

///

23. Any information produced under this Protective Order shall not be used for any purpose other than in connection with advancing this Action.

24. In addition to previous provisions herein relating to Confidential Information disclosed at a deposition, all depositions shall be treated as Confidential Information for a period of fourteen (14) business days (hereinafter "Confidentiality Designation Window") after the parties receive the final transcript of said deposition, except Qualified Persons listed in Paragraph 5(c) may not receive such Confidential Information during the Confidentiality Designation Window. During the Confidentiality Designation Window, counsel for any party believing the deposition to contain Confidential Information not already designated on the record, shall so designate such portions, by page and line numbers, in a writing served upon counsel for the opposing party. Such designated portions shall be treated in accordance with the provisions herein for said Confidential Information. The Confidentiality Designation Window may be shortened or enlarged by written consent of the parties. After the expiration of the Confidentiality Designation Window, a party who discovers that it inadvertently failed to designate any portions of a deposition as containing Confidential Information may make a subsequent designation, and from the moment the receiving party receives notice of such subsequent designation, the receiving party shall, subject to Paragraph 16, treat such document as containing Confidential Information, as provided herein. However, nothing provided in Paragraph 24 shall act as a change of designation from any designation made on the record at the time of the deposition.

25. In the event that a brief, memorandum, or other paper to be filed in this Action contains, attaches, or incorporates Confidential Information, counsel shall mark the caption page with the appropriate designation as provided herein. If the brief, memorandum, or other paper is filed with the Court, it shall be filed under seal in the manner set forth in Local Rule 79-5.

///

///

26. In the event that any Confidential Information is used in any Court proceeding in this Action prior to the commencement of trial, it shall not by such use lose its confidential status.

27. In connection with a motion to modify this Protective Order, the parties shall not be required to demonstrate a change of circumstances justifying the modification and it is the intention of the parties for the Court to consider that motion *de novo*, i.e., notwithstanding the terms of the original Protective Order executed by the Parties.

28. The designation of any discovery material in accordance with this Protective Order is intended solely to facilitate the preparation and trial of this Action, and treatment of such material by counsel of record for named parties in conformity with such designation will not be construed in any way as an admission or agreement by any Party that the designated material constitutes or contains any trade secret or confidential information.

29. Upon written request from the producing party received not later than sixty (60) days after the conclusion of the trial and any appeals taken in this Action, all originals or reproductions of any documents produced by a party containing Confidential Information shall either be destroyed or returned to the producing party. A verified statement regarding the destruction of Confidential Information must be provided to the producing party by counsel of the party who destroys the same. Notwithstanding the foregoing, each party shall be entitled to retain originals or reproductions of any pleadings, written discovery responses, or work product that contain Confidential Information in order to maintain the integrity of its client's files relating to this Action, provided that such files remain subject to the confidentiality obligations set forth herein relating to disclosure of such Confidential Information.

///

///

///

///

1  30. This Protective Order shall be entered without prejudice to the right of any person to apply to the Court for such further protective orders under the provisions of the Federal Rules of Civil Procedure as justice may require.

The Court finds good cause exists to enter this Protective Order.

Date: July 30, 2012  _____
Hon. David. T. Bristow
United States Magistrate Judge

_____12_____
[Proposed] Stipulated Protective Order

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES LTD., a Canadian corporation,<br><br>           Plaintiff,<br><br>vs.<br><br>SPLASHTACULAR, INC., a Kansas corporation,<br><br>           Defendant. | CASE NO.  2:12-cv-01423-PSG (DTBx)<br><br>**PROTECTIVE ORDER CONFIDENTIALITY STATEMENT**<br><br>Complaint Filed:  February 17, 2012<br><br>Assigned to Hon. Philip S. Gutierrez<br><br>Magistrate J. David T. Bristow |

I, _____, declare that I reside at _____ _____ in the City of _____ _____, County of _____, State of _____, and acknowledge and declare as follows:

   1. My present employer is _____.

   2. My present occupation or job description is _____.

   3. I have been provided with a copy of the Stipulated Protective Order ("Protective Order") dated _____ entered in connection with the captioned *Whitewater West Industries Ltd. v. SplashTacular, Inc.*, Civil Action 2:12-cv-01423-PSG (DTBx).

   4. I have carefully read and understand the provisions of the Protective Order.

5. I will comply with all of the provisions of the Protective Order.

6. I will hold in confidence, and not disclose to anyone not qualified under the Protective Order, any Confidential Information or information derived therefrom, including words, substance, summaries, abstracts or indices of Confidential Information disclosed to me.

7. At the conclusion of the captioned Action, or at the request of the Court, or the party by whom I am employed, retained, or otherwise designated as a Qualified Person pursuant to the Protective Order ("Employing Party"), I shall return all materials containing Confidential Information and summaries, abstracts, and indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the Employing Party.

8. I agree, upon the threat of penalty of contempt and other civil remedies, to be bound by the terms of the Protective Order.

9. I further irrevocably consent to the jurisdiction of the United States District Court, Central District of California, for the purpose of any proceeding to enforce or secure compliance with the terms of the Protective Order, or to punish the breach of any of its terms.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of _____, 20___, at _____
_____.

_____
Printed Name

_____
Signature